**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN MONGER,

    Petitioner,

vs.

D. K. SISTO, Warden,

    Respondent.

No. C 07-2812 PJH (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**

This is a habeas case which originally was filed in the United States District Court for the Eastern District of California. That court transferred it here.

**BACKGROUND**

In 1990 petitioner pled guilty to second degree murder. He was sentenced to prison for fifteen years to life. He contends he raised the claims he presents here in state habeas petitions.

**DISCUSSION**

**A. Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

**B. Venue**

Venue is proper in a habeas action in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d); however, the district of confinement is the preferable forum to review the execution of a sentence. Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Petitioner is confined in the Eastern District and was convicted in this district.

The transferring court characterized petitioner as claiming that the state "violated his guilty plea by not providing him a timely parole suitability hearing." Such a claim would go to the execution of petitioner's sentence, hence a case involving only such a claim should be heard in the district of confinement. In this case, however, petitioner presents not only the claim identified by the transferring court, but also contends that his plea should be "set aside" because he would not have entered into the agreement had he known that the state would not carry out its part. That claim, essentially one that his guilty plea was not knowing and voluntary, goes to the validity of the conviction and is properly brought in the district of conviction.

Because petitioner includes a claim which goes to the conviction, because the case has already been transferred once, and because venue is not improper here, the court will retain the case.

**C. Second or successive petition**

Petitioner says that he has filed at least two other petitions in the Eastern District claiming a violation of the plea agreement. It thus appears that this petition is second or successive. Before a second or successive petition may be filed in the district court, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner will be ordered to show cause why this petition should not be dismissed, for instance by showing that this petition is not second or successive or that he has gotten the required order from the Court of Appeals.

## CONCLUSION

Petitioner is ordered to show cause within thirty days of the date this order is entered why this petition should not be dismissed as second or successive. *See* 28 U.S.C. § 2244(b). If he does not respond, or if his response is insufficient to avoid the requirement that he get permission from the Court of Appeals, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: June 26, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\MONGER812.OSC-P