

Steven Monger, CDCR#E-58948
P.O. Box 4000 (14-T2-Low)
Vacaville, CA 95696-4000

<u>In Pro Per</u>

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

STEVEN MONGER,

              Petitioner,

V.

D. K. SISTO, Warden,

              Respondent. /

**Case No.** C-07-2812 PJH (PR)

**PETITIONER'S RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS SUCCESSIVE**

## INTRODUCTION

The petitioner asserts and will herein demonstrate to this court that the three petitions which he has filed are not successive petitions. Case numbers 2:05-CV-00067-GEB-EFB, 2:06-CV-01302-GEB-DAD, and C-07-2812 PJH (PR) (Presently before this Court) are all separate and different violations which occurred at different times. Even though all three petitions allege a violation of the plea contract they are substantially different. The petitioner will explain below.

-1-

I.

## DIFFERENCES BETWEEN THE THREE PETITIONS
## AND WHY THEY ARE SUCCESSIVE PETITIONS

The petitioner filed his first petition, case no. 2:05-CV-00067-GEB-EFB, after he had obtained a sworn affidavit from his trial counsel, Mr. Paul Trudell, Alameda County Public Defender, retired, in which he declared that the petitioner had been promised by the Deputy District Attorney, Colton Carmine, that he would serve only between 8-10 years on his 15 to life sentence. **See Exhibit "A"**. Now, while the first petition was being litigated, Colton Carmine, Deputy District Attorney, appeared at the petitioner's parole suitability hearing and and argued that the petitioner's crime should be treated as a first degree murder and not the second to which he himself agreed to. Basically, promising one thing in order to get the petitioner to waive all of his rights to a jury trial and plead guilty and then he uses the parole process to obtain the greater conviction for which the petitioner was never accorded any due process whatsoever. Thus, usurping the petitioner's rights to Due Process. **See Exhibit "B"**.

Finally, petitioner then filed the petition at hand after he was denied his right to a timely parole suitability hearing by the Board of Parole Hearings. In the instant petition, petitioner is arguing that failure by the respondents to provide the petitioner with a timely hearing has resulted in a violation of the terms of the plea contract. It was not part of the contract that the respondents would be

able to violate state and federal laws in relation to his sentence.
It was not part of the contract that the respondents would be able to
deprive the petitioner of his liberty interest in a parole date
without ever according him any due process whatsoever.

## IN CONCLUSION

As this Court can clearly see, all of the violations are
substantially different, occurred at different times, nor could they
have been discovered or raised all at once. Petitioner admits that at
first glance it appears as if the petitioner has filed successive
petitions, but he has not. He is simply attempting to hold the respond-
ents to the terms of the contract. To be quite frank, at this point
the respondents are the only ones who has received any benefit from
the plea, whereas, the petitioner has not received any.

Therefore, petitioner respectfully request that he is allowed
to proceed on the merits of his claims. Petitioner would like to thank
this Court for it's time in this matter.

Respectfully Submitted,

Steven Monger

In Pro Per

## **VERIFICATION**

I, Steven Monger, hereby declares the following:

That I am the petitioner in this action and have read the foregoing response to the Judge's Order to Show Cause. The facts stated herein are true and factual of my own knowledge, except as to those matters that are therein stated on information and belief, and as to those matters I believe them to be true and correct copies of the originals. I do declare the foregoing under the penalty of perjury and in accordance with all of the laws of the State of California.

Dated this 18th day of August, 2007 in Vacaville, California.

Steven Monger
In Pro Per

# EXHIBIT A

A-F-F-I-D-A-V-I-T

DECLARATION OF PAUL R. TRUDELL IN SUPPORT OF PETITIONERS WRIT OF HABEAS
CORPUS

I, PAUL R. TRUDELL ON INFORMATION AND BELIEF UNDER PENALTY OF PERJURY ,
DECLARES AS FOLLOWS;

1.  THAT I AM A MEMBER OF THE STATE BAR OF CALIFORNIA # 38876 ADMITTED TO
    PRACTICE IN 1966 AND CERTIFIED AS A CRIMINAL LAW SPECIALIST SINCE 1973.

2.  THAT I PRACTICED LAW AS AN ASSISTANT PUBLIC DEFENDER FOR THE COUNTY
    OF ALAMEDA FROM ADMISSION TO THE BAR THROUGH SEPTEMBER NINTH, 1999
    WHEN I RETIRED. DURING MY CAREER I REPRESENTED THOUSANDS OF CLIENTS
    UNDER THE IN-DETERMINANT SENTENCING LAW AND LATER UNDER
    DETERMINANT SENTENCING LAW. AS A PUBLIC DEFENDER I PERSONALLY
    REPRESENTED BETWEEN 75 AND 100 INDIVIDUALS CHARGED WITH HOMICIDE .
    SLIGHTLY OVER HALF CONCLUDED WITH THE ENTRY OF A PLEA OF GUILTY.

3.  THAT I REPRESENTED STEVEN MONGER THROUGHOUT HIS PROCEEDINGS IN
    ALAMEDA COUNTY OVER SEVERAL YEARS WHICH CONCLUDED WITH HIS
    SENTENCE TO THE DEPARTMENT OF CORRECTIONS. I STILL FIELD QUESTIONS
    BY ANSWERING COLLECT CALLS, AS HE NEGOTIATES HIS WAY THROUGH
    PAROLE REVIEW AND HABEAS CORPUS.

4.  THAT I HAVE READ THE ATTACHED EXHIBITS AND DECLARATIONS OF MARY
    BLAIR AND STEVEN MONGER. I FIND THEM TO BE ACCURATE AS TO THE EVENTS

THAT TRANSPIRED THE DAY OF THE PLEA AGREEMENT IN REGARDS TO WHAT

THEY WERE PRIVY. I WOULD ONLY ADD TWO SMALL MODIFICATIONS;

FIRST THE EIGHT TO TEN YEARS DID NOT ORIGINATE WITH ME. IT WAS FIRST

STATED TO MARY BLAIR BY DEPUTY DISTRICT ATTORNEY MR. COLTON

CARMINE. I DID REPEAT IT IN THE PRESENCE OF BOTH MARY BLAIR AND

STEVEN MONGER LATER IN TIME BUT BEFORE THE PLEA WAS ENTERED. AND

SECOND, MR. COLTON CARMINE AND I BOTH ADDED A CAUTION THAT

THE PAROLE REVIEW MUST TAKE PLACE BEFORE A PAROLE DATE WOULD BE

SET.

5. THAT IN ESSENCE WE HAD A COMPETENT REASONABLE MINDED CAREER

PROSECUTOR WITH OVER 15 YEARS OF EXPERIENCE AND AN EQUALLY

SEASONED CAREER PUBLIC DEFENDER USING THE FACILITATION OF THE 20

YEAR OLD DEFENDANT'S MOTHER TO EFFECUATE A PLEA OF GUILTY BEFORE A

SECOND GENERATION EXPERIENCED JUDGE TO ACHIEVE JUSTICE AND AVOID A

COSTLY PROLONGED TRIAL. EVEN WITH EVERYONE IN THE COURTROOM

PLYING THEIR TRADE TO THE BEST OF THEIR ABILITY, WE LED STEVEN MONGER

TO 'A BOTTOMLESS PIT' WITHOUT HOPE. THIS IS A SUBSTANTIALLY DIFFERENT

POSITION THAN DOING EIGHT TO TEN YEARS.

6. THAT AT THE TIME NO ONE IN THE COURTROOM , COULD HAVE ANTICIPATED

THAT THE POLITICAL "ASPIRANTS" THROUGH INACTION OR INTERFERENCE

WOULD CAUSE THE APPOINTED "INDEPENDENT" PAROLE BOARD TO CEASE OR

DEFER THEIR REVIEW FUNCTION OF ORDERLY REVIEWING AND SETTING PAROLE

DATES. THIS HAS RESULTED IN VERY FEW PAROLE DATES BEING SET AND THE

FEW THAT WERE SET WERE RECALLED BY THE GOVERNOR.

7.  THAT STEVEN MONGER IS ONE OF MANY CAUGHT IN THE PAROLE REVIEW
    SYSTEM. A SYSTEM THAT HAS DEGENERATED TO THE POINT OF FALLING BELOW
    MINIMUM STANDARDS FOR PROCEDURAL AND SUBSTANTIVE DUE PROCESS.

WHEREFORE AFFIANT JOINS STEVEN MONGER IN ASKING THE HONORABLE COURT
TO GRANT A HEARING ON HIS WRIT OF HABEAS CORPUS. I WILL BE AVAILABLE FOR
TESTIMONY AND CROSS EXAMINATION AT THE HEARING. THE COURT SHOULD
INTERVENE WITH THIS TIMELY ISSUE AND CRAFT A REMEDY FOR STEVEN MONGER
AND THOSE SIMILARLY SITUATED AND SET STANDARDS FOR REVIEW THAT MEET
DUE PROCESS. I WOULD ASK THE COURT TO APPOINT AN EXPERIENCED APPELLATE
ATTORNEY TO REPRESENT MR. MONGER.

OCTOBER 17, 2002                    PAUL R. TRUDELL

1/19/00

Parole Board Members

C/o Stevens Monger
To be hand delivered To counselor & Board Members.

Honorable Board Members.

As Steven Monger's Public Defender and attorney from
the time he was arrested through his
formal Sentencing I would like to offer
for your consideration my comments and observations.
I was present at the last Board hearing some years
back but was denied the courtesy of attending or arguing
on his behalf. I am Now retired after 33 years
with the Alameda County Public Defender office.
Steven was a young immature adult who involved
himself in the series of events as an self concerned
jerk. Although he depicted drugs due to a sister
involved with drugs, he and his redneck-minded that
many used drugs from abusive drug dealers, and then
destroyed the drugs and gave the Money to the
homeless — a "Robin Hood concept". The killing occurred
where the Victim showing incidents of a dislike - Page 4 front
of a Phone booth was shot by the sidewalk who minutely
Personied at the situation. Steven obviously was guilty

of the act by Vic and liability of a co-y ". He Never denied this.

His own attitude and outlook is clearly illustrated in one of the counts of robbery where he was holding the gun when an observed drug dealer ran into a house deal he ran in after only to come face to face with the dealer's Mother who was holding a long gun pointed directly at him. There was a momentary stand off as Steven backed out of the house and left. I felt this clearly showed the "leakness" of this misguided person't.

I resisted the Call for long periods of time, even at the risk of encounter with his attorney of resp. with other drug dealers who he and his partner had relieved of drugs or ill gotten gain who were also housed in the jail; because I needed time for him to gain maturity before he would be sent to prison.

The case finally plead as a simple 2nd degree case all other matters were dropped. Deputy District Attorney Colton Carmine & I worked out the details and both met with Steven's Mother explaining to her and Steven that he would do 8-10 years. With that the plea was entered. Mr Carmine was satisfied as was I, making the best of a bad situation.

I have spent long hours with Steven preparing him for the acceptance of his plight and the change and Maturity that must occur before he could be released. In further discussions and letters I have guided him and he has responded. I was concerned with lack of education. He got his GED. I was Concerned with his lack of a Trade. He Fell into Carpie

and I feel as encouraged ... as I am also a 45 year Union carpenter who pulled myself up to be an attorney. He further responded. He also Married an able friend and it has produced a stable support something to look forward to.

As I compare where he is Now from whom I met him he clearly is a different person. A person who has paid the immost place for an mistake both gone wrong.

I have told Steven that if he is interested I will see to it that he gets on as a carpenter with the Union. Work has Never been better as the locals can't fill all of the requests for Men.

I have Contacted Mr Carmine asked him to review his facts and to appear at the Board Hearing if possible. I believe he and I have no disagreement in what I have presented.

As a former & older Career Public Defender I have Taken my job seriously to them those clients around that I see the possibility of rehabilitating, knowing that many are not.

I feel Steven Deserves a chance for a date a fresh step in the Rehabilitation process. I am confident he will not let us down.

Sincerely,

# EXHIBIT B

1

1          P R O C E E D I N G S

2          **PRESIDING COMMISSIONER LAWIN:** This is a

3     subsequent parole consideration hearing for Steven

4     Monger, CDC E-58948. Mr. Monger was received in CDC

5     on June 25th, 1990 from the County of Alameda in case

6     number ALA94194•for violation of Penal Code section

7     187. That's murder second, count number one. Terms

8     of 15 years to life with a minimum eligible parole

9     date of December 22nd, 1997. Today is August 2nd,

10    2000. We're located at Folsom State Prison. The

11    time is approximately 9:54 a.m. As you know,

12    Mr. Monger, these hearings are tape recorded. These

13    are the microphones in front of you. So for voice

14    identification purposes for the transcription we

15    will go around the room, each of us will state our

16    first and last name, spelling our last name. And

17    when we come to you, if you would also add your CDC

18    number. I'll begin and go to my left. Sharon

19    Lawin, L-A-W-I-N, Commissioner.

20         **DEPUTY COMMISSIONER SPEED:** Deputy Commissioner

21    Marvin Speed, S-P-E-E-D.

22         - **DEPUTY DISTRICT ATTORNEY CARMINE:** Deputy

23    District Attorney Colton Carmine, C-A-R-M-I-N-E.

24         **ATTORNEY SKIPPER-DOTTA:** Rhonda Skipper-Dotta,

25    S-K-I-P-P-E-R hyphen D-O-T-T-A, legal counsel for

26    Steven Monger.

27         **INMATE MONGER:** Steven Monger, M-O-N-G-E-R, CDC

44

1        **PRESIDING COMMISSIONER LAWIN:**  Thank you.

2        **DEPUTY DISTRICT ATTORNEY CARMINE:**  Okay.  No,

3    that's all I have.

4        PRESIDING COMMISSIONER LAWIN:  Thank you.

5    Ms. Skipper-Dotta, any questions?

6        **ATTORNEY SKIPPER-DOTTA:**  No, no questions.

7        **PRESIDING COMMISSIONER LAWIN:**  Mr. Carmine,

8    closing.

9        **DEPUTY DISTRICT ATTORNEY CARMINE:**  Yeah.  Just a

10   few comments and, again, I'm impressed with how

11   familiar the Board is with the information in the

12   reports.  And so there's not a whole lot of things I

13   can add.  I did write a letter a long time ago in

14   this case setting forth my summary of it because

15   this case pled in the trial court.  It was prepared

16   to go to trial on all the counts he was charged

17   with.  And for the position of stress and not

18   weakness, we offered Mr. Monger a plea bargain to a

19   charge of second degree murder when in fact -- and

20   then that's what he admitted.  Due to his age and

21   the fact that it was going to affect the outcome of

22   his co-participant and codefendant, what kind of

23   disposition he was going to make in his case.  But

24   as the Board is aware, any killing whether

25   intentional or unintentional, or even accident that

26   occurs in the commission of robbery is first degree

27   murder.  That's the law.  This was an interesting

1        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              IN AND FOR THE COUNTY OF ALAMEDA

3          BEFORE HONORABLE WILLIAM R. MCGUINESS, JUDGE

4                      DEPARTMENT NO. 6

5                         ---000---

6    THE PEOPLE OF THE STATE OF CALIFORNIA)

7                                         )
                        PLAINTIFF         )
8                                         )   NO. 94194
                                          )   CHANGE OF
9                      VS.                )     PLEA
                                          )
10   STEVEN MATTHEW MONGER,
                          DEFENDANT

11

                                         F I L E D
                                    ALAMEDA COUNTY

12                                     MAR 22 1990

13                                RENE C. DAVIDSON, County Clerk
                                  By _____

14

15      COURTHOUSE, OAKLAND, ALAMEDA COUNTY, CALIFORNIA

16

17         REPORTER'S TRANSCRIPT OF PROCEEDINGS

         WEDNESDAY, MARCH 21, 1990 -- 10:00 A.M.
18

19

20

21

22

23                         ---000---

24                   A P P E A R A N C E S

25   FOR THE PEOPLE:    JOHN J. MEEHAN, DISTRICT ATTORNEY
                        BY:  COLTON CARMINE, DEPUTY
26
     FOR THE DEFENDANT:   JAY B. GASKILL, PUBLIC DEFENDER
27                        BY:  PAUL TRUDELL, ASSISTANT

28

1

```
1              P R O C E E D I N G S

2        WEDNESDAY, MARCH 21, 1990 -- 10:00 A.M.

3                    --oOo--

4              THE COURT:  THE COURT WILL CALL THE

5    MATTER OF THE PEOPLE OF THE STATE OF CALIFORNIA VS.

6    STEVEN MATTHEW MONGER.

7              THIS MATTER WAS SENT FORWARD PREVIOUSLY FROM

8    DEPARTMENT 1 TO THIS DEPARTMENT FOR PURPOSES OF JURY

9    TRIAL AND THE MATTER HAS BEEN TRAILING IN THIS

10   DEPARTMENT OTHER MATTERS THAT HAVE PRECEDED IT FOR

11   TRIAL.

12             THIS DEPARTMENT NOW IS AVAILABLE FOR PURPOSES

13   OF A HEARING IN THIS MATTER.  HOWEVER, THE COURT HAS

14   BEEN ADVISED BY COUNSEL THAT THERE IS AN ANTICIPATED

15   OR PROPOSED DISPOSITION IN THIS MATTER AND AT THIS

16   TIME WHAT I WOULD REQUEST IN A MOMENT MR. CARMINE --

17   AND THE RECORD WILL REFLECT THAT MR. MONGER IS

18   HERE.  HE IS REPRESENTED BY HIS ATTORNEY MR. TRUDELL

19   AND MR. CARMINE IS HERE ON BEHALF OF THE PEOPLE.

20             AND MR. MONGER, I WOULD SAY TO YOU, SIR, WHAT

21   I INTEND TO DO IS AS FOLLOWS.  I'M GOING TO ASK

22   MR. CARMINE TO STATE HIS UNDERSTANDING OF WHAT THE

23   PROPOSED DISPOSITION OR AGREEMENT IS IN YOUR CASE

24   AND MR. TRUDELL WILL BE LISTENING CAREFULLY AND I'M

25   GOING TO ASK YOU TO LISTEN CAREFULLY, BECAUSE WHEN

26   MR. CARMINE IS THROUGH I'LL ASK YOU IF WHAT HE

27   STATED HERE ON THE RECORD AS HIS UNDERSTANDING IS

28   ALSO YOUR UNDERSTANDING OF WHAT THE UNDERSTANDING
```

2

1   IS.

2        ALL RIGHT.  WITH THAT, MR. CARMINE, WOULD YOU

3   STATE PLEASE THE COMPLETE TERMS OF THE AGREEMENT AS

4   YOU UNDERSTAND IT.

5                  MR. CARMINE:  YES, YOUR HONOR.

6        IT IS MY UNDERSTANDING THAT MR. MONGER WILL

7   ENTER A PLEA TO THE FIRST COUNT OF "NO CONTEST",

8   THAT THE DEGREE OF MURDER WILL BE STIPULATED --

9   WOULD BE MURDER OF THE SECOND DEGREE, AND THAT THE

10  BALANCE OF THE INFORMATION WOULD BE DISMISSED.

11                  MR. TRUDELL:  THAT IS MY

12  UNDERSTANDING.

13                  THE COURT:  AND THAT THE -- IF SUCH

14  A PLEA WERE ACCEPTED BY THE COURT, THAT THE SENTENCE

15  IN THE MATTER WILL BE A TERM IN THE STATE PRISON FOR

16  A TERMS OF 15 YEARS TO LIFE; IS THAT CORRECT?

17                  MR. CARMINE:  YES, YOUR HONOR.

18                  THE COURT:  AND MR. TRUDELL?

19                  MR. TRUDELL:  THAT IS MY

20  UNDERSTANDING.  THE ONLY REQUEST I HAVE IS THAT THE

21  MATTER GO OVER EIGHT WEEKS FOR A REPORT AND

22  SENTENCE.

23                  THE COURT:  ALL RIGHT.  AND

24  MR. CARMINE, ANY OBJECTION TO THAT?

25                  MR. CARMINE:  NO, YOUR HONOR.

26                  THE COURT:  ALL RIGHT.

27        MR. MONGER, AS WE HAVE INDICATED THEN, IS

28  WHAT MR. CARMINE STATED, IS THAT YOUR UNDERSTANDING

3

1    AS WELL, SIR?

2              THE DEFENDANT:  YES.

3              THE COURT:  AND UNDERSTAND IF I

4    ACCEPT YOUR PLEA OF NO CONTEST ON THE TERMS AND

5    CONDITIONS STATED THAT I WILL MAKE A FINDING OF

6    GUILTY IN THIS MATTER; DO YOU UNDERSTAND THAT?

7              THE DEFENDANT:  YES.

8              THE COURT:  AND UNDERSTAND FURTHER

9    IF I ACCEPT THIS PLEA THAT THE TERM FOR THIS OFFENSE

10   IS A TERM IN STATE PRISON FOR A TERM OF 15 YEARS TO

11   LIFE; DO YOU UNDERSTAND THAT, SIR?

12             THE DEFENDANT:  YES.

13             THE COURT:  AND IN TERMS OF THE

14   MATTER OF PAROLE, WITH REGARD TO THE ISSUE OF

15   PAROLE, IT WOULD BE MY DUTY TO ADVISE YOU THAT AS

16   THE EXPIRATION OF YOUR PERIOD OF INCARCERATION YOU

17   COULD BE PLACED ON PAROLE FOR THE REMAINER OF YOUR

18   LIFE OR A LESSER PERIOD, DEPENDENT AND TO BE

19   DETERMINED BY THE BOARD OF PRISON TERMS AND PAROLE.

20   IN THE EVENT OF YOUR RETENTION ON PAROLE, IF YOU

21   VIOLATE ANY PROVISION OF YOUR PAROLE GRANT, YOUR

22   PAROLE COULD BE REVOKED AND YOU WOULD BE

23   INCARCERATED FOR AN ADDITIONAL TERM IN STATE PRISON,

24   SUCH TERM TO BE DETERMINED BY THE BOARD OF PRISONS

25   TERMS AND PAROLE, DO YOU UNDERSTAND THAT?

26             THE DEFENDANT:  YES.

27             THE COURT:  AND I'M REQUIRED BY LAW

28   PURSUANT TO GOVERNMENT CODE SECTION 13967 TO IMPOSE

4

1    A RESTITUTION FINE UPON YOU FROM THE AMOUNT OF $100

2    TO $10,000. AND COUNSEL, WITH REGARD TO THIS MATTER,

3    IT WOULD BE MY INTENTION TO IMPOSE A FINE OF IN THE

4    AMOUNT OF $100.

5              MR. CARMINE, IS THERE ANY OBJECTION TO THAT?

6                   MR. CARMINE:  NO OBJECTION.

7                   THE COURT:  I WOULD TELL YOU ALSO,

8    SIR, THAT IF AT A LATER TIME IF I WERE TO WITHDRAW

9    MY APPROVAL OF THIS PLEA, THEN YOU WOULD BE

10   PERMITTED TO WITHDRAW YOUR PLEA; UNDERSTAND THAT?

11                  THE DEFENDANT:  YES.

12                  THE COURT:  ALL RIGHT.  MR. TRUDELL,

13   HAVE YOU FILLED OUT THE WAIVER ON PLEA OF GUILTY OR

14   NO CONTEST FORM?

15                  MR. TRUDELL:  NO, I HAVEN'T.

16                  THE COURT:  MS. CLERK, IF YOU WOULD

17   PROVIDE HIM WITH THAT PLEASE.  WE'LL BE IN RECESS

18   FOR JUST A FEW MINUTES AND GIVE YOU AN OPPORTUNITY

19   TO REVIEW THAT FORM.

20                  (RECESS TAKEN.)

21                  THE COURT:  VERY WELL.  THE COURT

22   HAS BEEN HANDED A FORM DENOMINATED WAIVER ON PLEA OF

23   GUILTY BEARING THE ACTION NUMBER 94194 AND WITH

24   RESPECT TO THIS FORM NOW, MR. MONGER, HAVE YOU

25   DISCUSSED THE CONTENTS OF THIS FORM WITH MR. TRUDELL

26   AND HAS HE EXPLAINED IT TO YOU, SIR?

27                  THE DEFENDANT:  YES, I HAVE.

28                  THE COURT:  IN TERMS OF EVERYTHING

5

1  SET FORTH ON THIS FORM, ON BOTH SIDES OF THE FORM,

2  DO YOU UNDERSTAND EVERYTHING CONTAINED THERE?

3              THE DEFENDANT:  YES, I DO.

4              THE COURT:  ALL RIGHT. AND WITH

5  REGARD TO THE RIGHTS THAT ARE SET FORTH AND ON THESE

6  TWO PAGES, ARE YOU WAIVING THESE RIGHTS

7  VOLUNTARILY?

8              THE DEFENDANT:  YES.

9              THE COURT:  AND IN TERMS OF THE

10  INITIALS IN THE BOXES ON THE FORM, ARE THOSE YOUR

11  INITIALS?

12             THE DEFENDANT:  YES.

13             THE COURT:  AND DID YOU SIGN THIS

14  FORM AT THE BOTTOM?

15             THE DEFENDANT:  YES, I DID.

16             THE COURT:  AND MR. TRUDELL, THIS IS

17  YOUR SIGNATURE AS WELL, SIR?

18             MR. TRUDELL:  YES.

19             THE COURT:  ALL RIGHT.  WITH REGARD

20  TO THIS MATTER THEN, MR. MONGER, I WANT TO ADVISE

21  YOU THAT YOU HAVE THE FOLLOWING CONSTITUTIONAL

22  RIGHTS BUT YOU GIVE UP THESE RIGHTS BY ENTERING A

23  PLEA OF NO CONTEST.

24      YOU HAVE A RIGHT TO A SPEEDY AND PUBLIC TRIAL

25  BY JURY, AND YOU HAVE A RIGHT TO THE ASSISTANCE OF

26  AN ATTORNEY AT ALL STAGES OF THE PROCEEDINGS.

27      YOU HAVE THE RIGHT TO CONFRONT AND

28  CROSS-EXAMINE WITNESSES THAT MIGHT TESTIFY AGAINST

6

1   YOU AND YOU HAVE THE RIGHT TO USE THE SUBPOENA POWER

2   OF THIS COURT TO BRING IN WITNESSES AND EVIDENCE BY

3   WAY OF DEFENSE IF YOU CHOOSE TO DO SO.

4          YOU ALSO YOU HAVE THE PRIVILEGE OF

5   SELF-INCRIMINATION AND CANNOT BE FORCED TO BE A

6   WITNESS AGAINST YOURSELF.

7          DO YOU UNDERSTAND YOU HAVE REACH OF THESE

8   RIGHTS AND IN ENTERING THIS PLEA YOU GIVE UP EACH OF

9   THESE RIGHTS?

10                  THE DEFENDANT:  YES, I DO.

11                  THE COURT:  AND FURTHER I WOULD TELL

12  YOU IF YOU ENTER A PLEA OF NO CONTEST TO THIS CHARGE

13  AND IF THE COURT MAKES A FINDING OF GUILTY, YOU WILL

14  HAVE BEEN FOUND GUILTY OF WHAT THE STATE CALLS A

15  SERIOUS FELONY, AND IF IN THE FUTURE YOU SHOULD BE

16  CONVICTED OF ANOTHER SERIOUS FELONY, AS A RESULT OF

17  YOUR PLEA TODAY YOUR NEW SENTENCE IN THAT MATTER IF

18  SUCH WERE TO OCCUR WOULD BE INCREASED BY FIVE YEARS.

19          DO YOU UNDERSTAND THAT, SIR?

20                  THE DEFENDANT:  YES, YES, I DO.

21                  THE COURT:  NOW SIR, HAS ANYONE MADE

22  ANY PROMISES TO YOU TO CAUSE YOU TO ENTER YOUR PLEA

23  OF NO CONTEST EXCEPT WHAT HAS BEEN SAID HERE IN OPEN

24  COURT ON THIS RECORD?

25                  THE DEFENDANT:  NO.

26                  THE COURT:  HAS ANYONE THREATENED

27  YOU TO CAUSE YOU TO PLEAD NO CONTEST?

28                  THE DEFENDANT:  NO.

7

1               THE COURT:  ARE YOU PLEADING NO

2   CONTEST FREELY AND VOLUNTARILY?

3               THE DEFENDANT:  YES.

4               THE COURT:  ALL RIGHT, SIR.

5         MS. CLERK, IF YOU WOULD ARRAIGN THE DEFENDANT

6   AS TO HIS PLEA.

7               THE CLERK:  STEVEN MATTHEW MONGER,

8   IS THAT YOUR TRUE NAME?

9               THE DEFENDANT:  YES.

10              THE COURT:  TO THE CRIME OF A

11  FELONY, TO WIT: MURDER, A VIOLATION OF SECTION 187

12  OF THE PENAL CODE OF CALIFORNIA, AS CHARGED IN

13  COUNT 1 OF THE INFORMATION, STIPULATED IN THE SECOND

14  DEGREE, HOW DO YOU PLEAD, GUILTY OR NOT GUILTY?

15              THE DEFENDANT:  NO CONTEST.

16              THE CLERK:  NO CONTEST.

17              THE COURT:  VERY WELL.

18        DO BOTH PARTIES STIPULATE THERE IS A FACTUAL

19  BASIS FOR THIS PLEA?

20              MR. CARMINE:  YES, YOUR HONOR.

21              THE COURT:  AND MR. TRUDELL?

22              MR. TRUDELL:  YES.

23              THE COURT:  VERY WELL.

24        THE COURT WILL FIND THAT THERE IS A FACTUAL

25  BASIS FOR THIS PLEA, AND FURTHER THE COURT WILL MAKE

26  A FINDING OF GUILTY IN THIS MATTER AND THE COURT

27  WILL FIND THAT THE DEFENDANT HAS BEEN FULLY INFORMED

28  OF AND UNDERSTANDS HIS CONSTITUTIONAL RIGHTS AND

8

1   THAT HE HAS KNOWINGLY, INTELLIGENT, FREELY AND

2   VOLUNTARILY WAIVED THOSE RIGHTS.

3       ALL RIGHT, MR. CARMINE, DO YOU HAVE A MOTION

4   WITH REGARD TO THE REMAINING CHARGES AND ALLEGATIONS

5   IN THIS INFORMATION?

6       MR. CARMINE:  YES, YOUR HONOR.  I

7   WOULD ASK THAT THOSE BE DISMISSED IN VIEW OF THE

8   PLEA.

9       THE COURT:  ALL RIGHT, SIR.  THAT

10  MOTION THEN AS TO THE REMAINING COUNTS AND

11  ALLEGATIONS IN THE INFORMATION WILL BE GRANTED.

12      THIS MATTER WILL BE REFERRED TO THE PROBATION

13  DEPARTMENT FOR REPORT AND SENTENCE.

14      MR. MONGER, YOU HAVE A RIGHT TO BE SENTENCED

15  WITHIN 28 DAYS.  DO YOU WISH TO WAIVE THAT RIGHT,

16  SIR, SO THE COURT CAN SET THE MATTER BEYOND 28

17  DAYS?

18      THE DEFENDANT:  YES, I DO.

19      THE COURT:  IS THERE A REQUESTED

20  DATED IN THIS MATTER -- MS. CLERK.

21      THE CLERK:  FOR NINE WEEKS IT WOULD

22  BE THURSDAY, MAY 24, 9:00 A.M. IN DEPARTMENT 6.

23      THE COURT:  THIS MATTER WILL BE

24  CONTINUED TO MAY 24, 9:00 A.M. THIS DEPARTMENT FOR

25  REPORT AND SENTENCE.

26      ALL RIGHT. ANYTHING FURTHER, MR. CARMINE?

27      MR. CARMINE:  WAS HE FOUND -- DID

28  YOU FIND HIM GUILTY ON THE RECORD?

9

1                    THE COURT:  YES, SIR.

2           MR.  TRUDELL, ANYTHING FURTHER?

3                    MR. TRUDELL:  NOTHING FURTHER.

4                    THE COURT:  ALL RIGHT. THANK YOU ALL

5      VERY MUCH.

6                    MR. CARMINE:  THANK YOU YOUR HONOR.

7         (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED.)

8                         --0O0--

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1    STATE OF CALIFORNIA   )
                                    SS.
2    COUNTY OF ALAMEDA      )

3

4

5        I, CATHERINE JONES, CERTIFIED SHORTHAND

6    REPORTER, DO HEREBY CERTIFY THAT I AM AN OFFICIAL

7    REPORTER OF THE SUPERIOR COURT OF THE STATE OF

8    CALIFORNIA, IN AND FOR THE COUNTY OF ALAMEDA;

9        THAT AS SUCH I REPORTED THE PROCEEDINGS HAD IN

10   THE ABOVE-ENTITLED MATTER AT THE TIME AND PLACE SET

11   FORTH HEREIN;

12       THAT MY STENOGRAPHIC NOTES WERE THEREAFTER

13   TRANSCRIBED BY COMPUTER-AIDED TRANSCRIPTION UNDER MY

14   DIRECTION;

15       AND THAT THE FOREGOING PAGES NUMBERED 1 THROUGH

16   9 CONSTITUTE A FULL, TRUE AND CORRECT TRANSCRIPTION

17   OF MY SAID NOTES.

18       DATED THIS TWENTY-FIRST DAY OF MARCH, 1990.

19

20

21

22

                     CATHERINE JONES, CSR #6981
23

24

25

26

27

28