UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN MONGER,

        Petitioner,          No. C 07-2812 PJH (PR)

  vs.                      **ORDER OF TRANSFER**

D. K. SISTO, Warden,

        Respondent.
_____/

      This is a habeas case which originally was filed in the United States District Court for the Eastern District of California. That court transferred it here, saying that because petitioner was convicted in Alameda County, which is in this district, witnesses and evidence for ruling on the petition would be more readily available here.

      The petition contains three issues: (1) a claim that the plea agreement was breached (a) when petitioner did not receive a timely parole hearing and (b) when the makeup of the parole board did not comply with California law as it was at the time of the plea; (2) that he should be allowed to withdraw his plea as a result of the alleged constitutional violations set out in issue one; and (3) that plea agreements are contracts which the state must perform. Issues two and three do not appear to actually be grounds for relief; issue two goes to a remedy, and issue three is simply an abstract statement of the law. There is no further explanation for the claims, except what can be derived from his statement of the facts. Because in that statement he says that the violations upon which he bases the petition occurred after August 22, 2006, it might be inferred that his claim as to a delayed parole hearing relates to a hearing due on or after that date. This inference is also

supported by his exhibit "B," which is his declaration. It includes the statement that "currently I am over due [sic] for my parole suitability hearing and have been advised by the Board of Parole Hearings that I will not be appearing anytime [sic] before June of 2007." The declaration is dated December 16, 2006. It thus appears that the subject of the petition is the Board's failure to provide petitioner with a parole hearing at some point in 2006. Presumably the odd way in which the issue is cast – as a claim for breach of the plea agreement – is an attempt to "federalize" what are at heart claims that state law was violated.

Petitioner's issues go to the execution of petitioner's sentence, not his conviction. Because he is incarcerated in the Eastern District, the case is more appropriately considered there. *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) (district of confinement is preferable forum to review execution of sentence). This petition is **TRANSFERRED** to the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1404(a); Habeas L.R. 2254-3(b).

Petitioner said in the petition that he had filed two other habeas cases, both in the Eastern District and both claiming a violation of the plea agreement. In consequence, in the initial review order petitioner was ordered to show cause why this petition should not be dismissed as second or successive. His response lacks detail, but it appears he is contending that the two previous cases were directed to alleged breaches of the plea agreement which occurred before the 2006 breach which is the subject of this petition. Because the case is being transferred to the Eastern District, the order to show cause is **DISCHARGED** without prejudice to consideration of the "second or successive" issue by that court.

**IT IS SO ORDERED.**

Dated: May 21, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\MONGER812.OSC-P